IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

IVA CHOUINARD

_____/

INDICTMENT

3:13cr74/LAC

THE GRAND JURY CHARGES:

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

1. As a result of the fire, explosion, and release of oil from the Deepwater Horizon oil rig in the Gulf of Mexico on or about April 20 and 21, 2010, the National Pollution Fund Center of the U.S. Coast Guard ("NPFC") issued a letter of designation to BP Exploration. This letter designated BP Exploration as a Responsible Party under the Oil Pollution Act ("OPA") and advised BP Exploration of the requirements under OPA to advertise for and receive claims as a result of the incident. BP Exploration accepted this designation, acknowledging the requirement to advertise for and receive claims in writing on or about May 3, 2010.

Returned in open court pursuant to Rule 6(f)

7-16-13
Date

_Elizabeth M. Timothy_
United States Magistrate Judge

2. Subsequently, the NPFC was notified that starting on August 23, 2010, the Gulf Coast Claims Facility ("GCCF") would begin receiving and processing all claims by individuals and businesses impacted by the Deepwater Horizon spill.

3. In or about June 2010, BP Exploration established the GCCF for the purpose of administering, processing, and settling certain claims of individuals and businesses for costs, damages, and other losses incurred as a result of the Deepwater Horizon spill. The GCCF was administered by a fund administrator responsible for decisions relating to the administration, processing, and payment of claims by the GCCF. On or about August 23, 2010, the GCCF began receiving and processing such claims due to the Deepwater Horizon spill.

4. On August 6, 2010, BP Exploration established the Deepwater Horizon Oil Spill Trust, an irrevocable common law trust, to receive and distribute funds that BP Exploration promised to provide for the payment of certain types of claims, costs, and expenses, including, but not limited to, those resolved by the GCCF.

5. To seek payment from the GCCF for damages incurred as a result of the oil spill, an individual or business was required to complete a GCCF claim form. The individual or business could submit the form through the Internet, by visiting the GCCF website, in person at a GCCF Claims Site Office, by fax, or by mail through the United States Postal Service or any private carrier addressed to the GCCF Claims Facility in Dublin, Ohio. As part of the claim application, the individual or business seeking payment for damages was required to elect to receive payment by wire transfer directly into the claimant's bank account (or account of their counsel) or by check.

## B. THE SCHEME

It was part of the scheme to defraud that:

1. Complete Lawn & Landscaping, Inc., was a Florida corporation owned and operated by **IVA CHOUINARD** and B.L.C.

2. On or about August 23, 2010, **IVA CHOUINARD** submitted a GCCF claim form as the owner of Complete Lawn & Landscaping, Inc., seeking payment for the business's lost profits in an amount that was false.

3. On or about September 27, 2010, GCCF wired $45,000.00 into a bank account controlled and maintained by **IVA CHOUINARD** and B.L.C. as a result of this GCCF claim.

4. On or about December 10, 2010, **IVA CHOUINARD** caused to be mailed a GCCF claim form in the name of B.L.C., seeking payment for false lost earnings as an employee of Complete Lawn & Landscaping, Inc.

5. On or about December 23, 2010, **IVA CHOUINARD** caused to be mailed a GCCF claim form for Complete Lawn & Landscaping, Inc., fraudulently seeking additional payment.

6. In support of this GCCF claim form, **IVA CHOUINARD** submitted false and fraudulent documents, including a fraudulent list of customers lost due to the Deepwater Horizon spill and a fraudulently altered email from one of those customers.

7. On or about March 29, 2011, **IVA CHOUINARD** caused to be submitted by facsimile a GCCF claim form in the name of B.L.C., seeking payment for false lost earnings as an employee of Complete Lawn & Landscaping, Inc.

8.  In support of this GCCF claim form, **IVA CHOUINARD** submitted false and fraudulent documents, including a fraudulent payroll summary and a W-2 form that misrepresented the amount and date of B.L.C.'s income.

9.  On or about October 19, 2011, **IVA CHOUINARD** caused to be mailed a GCCF claim form for Complete Lawn & Landscaping, Inc., fraudulently seeking additional payment.

10. Between on or about August 30, 2010, and on or about January 12, 2012, **IVA CHOUINARD** contacted GCCF via telephone to discuss both claims.

## C. THE CHARGE

Between on or about August 23, 2010, and on or about January 12, 2012, in the Northern District of Florida and elsewhere, the defendant,

## IVA CHOUINARD,

did knowingly and with intent to defraud, devise and intend to devise a scheme to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises related to a material fact, and for the purpose of executing and in order to effect the scheme, did cause to be sent, delivered, and moved by the United States Postal Service, and by any private and commercial interstate carrier, GCCF claim forms and false and fraudulent supporting documentation.

In violation of Title 18, United States Code, Section 1341.

## CRIMINAL FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States

4

pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

Upon conviction of the violation alleged in Count One of this Indictment, and pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), the defendant,

**IVA CHOUINARD,**

shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

If any of the property subject to forfeiture pursuant to Count One of the Indictment, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code,

Section 853(p), which is incorporated by reference in Title 18, United States Code, Section 981(a)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____7/16/2013_____
DATE

_____
PAMELA C. MARSH
United States Attorney

_____
ALICIA H. KIM
Assistant United States Attorney